IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ICM US OPERATING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-0678-K |
| | § | |
| INDUSTRIAS COSTA MESA, | § | |
| S.A. de C.V., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff ICM US Operating, LLC's ("ICM US") Motion to Strike and Motion for Entry of Default Judgment against Defendant Industrias Costa Mesa, S.A. de C.V. ("ICM Mexico") and Appendix in Support (the "Motion for Default Judgment")(Doc. Nos. 84, 85) as well as ICM US's Motion for Award of Attorneys' Fees and Costs, Brief and Appendix in Support (the "Motion for Attorneys' Fees and Costs")(Doc. Nos. 90-92). As discussed below, after the Court granted ICM Mexico's attorneys' consented withdrawal (Doc. No. 77), no replacement counsel has appeared for ICM Mexico even after the Court expressly warned ICM Mexico (at Doc. No. 95) if new counsel failed to appear, the Court would record an entry of default. Accordingly, after carefully considering the Motions, the applicable law, and the record before the Court, the Court GRANTS the pending Motions, STRIKES ICM Mexico's Answer (and defenses), ENTERS ICM Mexico's default, GRANTS Default Judgment for ICM US, and AWARDS ICM US's its Attorneys' Fees and Costs, as detailed below.

I.    BACKGROUND

The litigation between these parties over the past decade has been complex, but before this Court is a simple breach of contract claim: pending before the Court is ICM US's breach of contract action to recover lease payments for a drilling rig it leased to ICM Mexico, which shortly after taking possession of the leased rig, took it to Mexico, stopped making payments, and failed to return the rig as required by the lease.  Doc. No. 1-5 at 1, ¶1.  As context, ICM US generally alleges it was defrauded by the party who controlled ICM Mexico at the time the lease was executed.  *See generally*, Doc. No. 15; *see also ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, Civil Action No. 3:23-CV-00678-K, 2024 WL 116311 at *2-4 (N.D. Tex. Jan. 10, 2024)(Kinkeade, J.).  However, given ICM's default on the narrow contract claim presently before the Court, the Court need consider only the facts below.

This action was filed April 3, 2019, in the 160th District Court of Dallas County, Texas. Doc. No. 1-5 at 1.  As a result of obstacles ICM US faced in perfecting international service on a Mexican corporation, amplified by delays in both U.S. and Mexican courts, ICM US did not serve ICM Mexico until March 14, 2023.  Doc. No. 1-12 at 18-19.  Upon being served, ICM Mexico removed to this Court.  Doc. No. 1. ICM Mexico then filed a Motion to Dismiss, which, after substantial motion practice, was granted in part, and denied in part by the Court.  Doc. Nos. 6, 12, 17, 18, 23, 28. ICM Mexico then filed its Answer (and asserted its affirmative defenses).  Doc. No. 31. As litigation proceeded, ICM Mexico's counsel then filed three Motions to Withdraw,

consented to by ICM Mexico, citing ICM Mexico's inability to comply with discovery obligations and ICM Mexico's exhausted financial resources.  Doc. Nos. 52, 62, 71.  The Court denied two motions to withdraw, but granted the third.  Doc. No. 64, 77.

As a corporation cannot appear *pro se,* the Court then ordered ICM Mexico to enter the appearance of new counsel by August 31, 2024.  *Id*.  No new counsel for ICM Mexico appeared.  On October 28, 2024, still with no attorney having appeared for ICM Mexico, on the basis that ICM Mexico could not appear *pro se* as a matter of law, ICM US filed the pending Motions to strike ICM Mexico's Answer, enter ICM Mexico's default and grant default judgment against ICM Mexico.  Doc. No. 84.  On December 27, 2024, the Court received a letter from an individual purporting to be ICM Mexico's court-appointed liquidator, requesting the Court not enter default, but no attorney appeared.  Doc. No. 88.

On May 6, 2025, the Court entered a *sua sponte* order to expressly warn ICM Mexico that if new counsel did not appear by May 27, 2025, the Court would strike ICM Mexico's Answer (and each of its affirmative defenses) and enter ICM Mexico's default.  Doc. No. 95.  The Court ordered ICM US to serve ICM Mexico the Court's order along with a copy of the recent docket and pending Motions, on ICM Mexico's general counsel and its court-appointed liquidator, by both overnight letter and electronic mail.  *Id.*  On May 12, 2025, ICM US filed a certificate to attest it served ICM Mexico on May 9, 2025, pursuant to the Court's order.  Doc. No. 96.  The Court's

May 27, 2025, deadline for ICM Mexico's new counsel to appear has now past, and as of the date of this judgment, still, no attorney for ICM Mexico has appeared.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. *See* FED. R. CIV. P. 55(b)(2).  In the Fifth Circuit, there are three steps a plaintiff must complete to secure a default judgment: (1) default by the defendant; (2) the clerk's entry of default; and (3) the district court's entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  By defendant's default, allegations of "conduct on which liability is based may be taken as true as a consequence of the default." *Joe Hand Promotions, Inc. v. Alima*, Civ. Action No. 3:13-CV-0889-B, 2014 WL 1632158, at *1 (N.D. Tex. Apr. 22, 2014)(Boyle, J.) (quoting *Frame v. S—H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)) (quotation marks omitted).  But "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  In assessing the plaintiffs' pleadings to determine whether there is sufficient basis to enter a default judgment, the court accepts well-pleaded allegations of facts in the complaint as true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III.    ANALYSIS

### A. ICM US's Motion to Strike and Motion for Default Judgment

#### 1.    The Court has subject matter and personal jurisdiction

For the Court to enter default judgment, the plaintiff must first make prima facie showing that the Court has "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). This is a diversity action brought pursuant to 28 U.S.C. § 1332, which requires complete diversity and an amount in controversy greater than $75,000.

Here, ICM US has made prima facie showing that the Court has subject matter jurisdiction.  ICM Mexico's Notice of Removal asserted there is complete diversity, as the parties to this action are ICM US, which is an LLC whose members are citizens of Ohio and Delaware, and ICM Mexico, which is a foreign corporation and citizen of Mexico.  Doc. No. 1 at 4-5, ¶¶11, 13.  Further, the Notice of Removal asserted it was facially apparent from ICM US's petition that the amount in controversy in this action exceeded the statutory threshold of $75,000. Doc. No. 1, at 4-5 ¶16-17.  Thus, the record demonstrates ICM US made its prima facie showing the Court has subject matter jurisdiction over this dispute.

In addition, the Court finds that it has personal jurisdiction over ICM Mexico. As noted above, ICM Mexico removed the case to this Court, made a general appearance in this action, and actively litigated before the Court, and, by so doing, consented to personal jurisdiction. *See, e.g.,* Doc. No. 1, 6, 12, 17, 18, 23, 28.  In addition, the drilling rig lease that is the subject of this suit contained a mandatory forum selection clause requiring suit to be brought in state or federal court in Dallas County, Texas, and each Party waived any defense or opposition to such jurisdiction.

Doc. No. 1-5 at 19, ¶11. Finally, ICM US has established a prima facie case for specific personal jurisdiction as well, for the claims against ICM Mexico arose from ICM Mexico's specific contacts with the Northern District of Texas, as ICM Mexico took possession of the leased drilling rig in, Wichita Falls, Texas and promised to return the leased equipment to Wichita Falls upon the lease's end, though it failed to do so. Doc. No. 1-5 at 16, ¶2. For these reasons, ICM US has made prima facie showing of the Court's jurisdiction over the subject matter and the parties, and the Court may grant default judgment against ICM Mexico.

### 2. The prerequisites of Fed. R. Civ. P. 55(b)(2) have been met

As a prerequisite for default judgment, a plaintiff must establish: (1) the defendant was served with the summons and complaint and that default was entered for its failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared, the defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, Civ. Action No. 3:12-CV-2092-M, 2013 WL 145502, at *2-3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55(b)(2)).

After careful review of the record, the Court finds the prerequisite elements for the Court to grant a default judgment have been met. First, ICM Mexico was properly

served.  Doc. No. 1-12 at 18-19.  Further, after being served, ICM Mexico removed the action to this Court, and though they sought the case's dismissal, did not make any challenge to proper service.  Doc. No. 1; Doc. No. 18.  In addition, as ICM Mexico is a foreign corporation, it is neither a minor or an incompetent person, nor is it in military service, which addresses the second and third requirement.  *See Arch Ins. Co.*, 2013 WL 145502, at *3 (citing FED. R. CIV. P. 55(b)(2) and 50 U.S.C. App. §§ 521(a), (b)(1)(A) - (B)).  Fourth, since ICM Mexico appeared, ICM Mexico was entitled to seven days' notice of ICM US's application for a default judgment hearing.  *Id.* Although ICM Mexico already had more than seven *months'* notice of ICM US's Motion, on May 6, 2025, the Court *expressly* warned ICM Mexico that if counsel failed to appear by May 27, 2025, the Court would strike its answer and enter its default. Doc. No. 95.  The notice ICM Mexico received far exceeds that  required by Fed. R. Civ. P. 55(b)(2).  Thus, the prerequisites for default judgment are met.

### 3.    The Court finds ICM Mexico is in default

After careful consideration, the Court finds that ICM Mexico is in default since as a corporation, it cannot appear *pro se*, and ICM Mexico has failed to arrange for appearance of counsel as twice ordered by the Court.  "In federal court, a corporation is not permitted to proceed pro se." *Barnett v. A S & I, LLC*, Civil Action No. 3:13- cv-2464-BN, 2014 WL 1641905, at *1 (N.D. Tex. Apr. 24, 2014)(Horan, M.J.). "The appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Id.* (quoting *Memon v. Allied Domecq QSR*, 385

Page 7

F.3d 871, 873 (5th Cir. 2004)). When an entity refuses to retain counsel after being instructed to do so by the Court, the striking of its pleadings, dismissal of its claims or defenses, and entry of default is appropriate. *Id.* at *1 (citing *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)); *Huffines Retail Partners, L.P. v. Atlas Apartments Acq.,* LLC, Civil Action No. 3:19-cv-2425-S-BH, 2021 WL 965920, at *2 (N.D. Tex. Feb. 17, 2021)(Ramirez, M.J.)(holding entity defendant in default and defenses struck when it failed to retain counsel after being ordered to do so), report and rec. adopted, *HC Operating, LP v. Atlas Apartments Acq., LLC,* Civil Action No. 3:19-CV-2425-S-BH, 2021 WL 963755 (N.D. Tex., Mar. 15, 2021)(Scholer, J.).  When a corporation declines to hire new counsel to represent it, the Court may strike its defenses. *Donovan,* 736 F.2d at 1005.

Here the Court has set several deadlines for ICM Mexico to retain counsel and in its order on May 6, 2025, the Court expressly warned ICM that if new counsel failed to appear before May 27, 2025, the Court would strike its Answer (and affirmative defenses) and enter default.  Doc. Nos. 77, 95.  The Court's deadline is now past, and no attorney for ICM Mexico has appeared.  Accordingly, the Court strikes ICM Mexico's Answer (including its affirmative defenses) and directs the Clerk to record ICM Mexico's entry of default.

## 4.  The Court finds a default judgment should be entered

The Court turns now to the second step of its analysis, determining whether a default judgment should be entered.  *See Joe Hand Promotions, Inc.,* 2014 WL 1632158,

at *1 (courts conduct a two-step process in deciding whether a default judgment should be entered). First, the Court must consider whether the entry of default judgment is appropriate under the circumstances. *Id.* Second, the Court must address the merits of Plaintiff's claims and determine if there is sufficient basis in the pleadings for the default judgment. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### a. A default judgment is appropriate under the circumstances

In determining if default judgment against a party is appropriate, the Court considers six factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

After carefully analyzing the *Lindsey* factors in the present case, the Court finds default judgment is appropriate. First, the record does not reveal any material issues of fact in dispute in this breach of contract case. Second, there has not been any substantial prejudice, since ICM Mexico initially appeared and actively litigated, but then defaulted after consenting to its attorneys' withdrawal. Third, the record shows the grounds for default are clearly established since ICM Mexico cannot appear *pro se* as a matter of law. Fourth, there is nothing before the Court to indicate that the default

of ICM Mexico was caused by a good faith mistake or excusable neglect. Fifth, the nine months ICM Mexico has had to obtain new counsel since its prior attorneys' consented withdrawal was granted by the Court, and its recent failure to heed the Court's express warning that failure to arrange appearance of counsel would lead to default, both substantially ameliorate the inherent harshness of a default judgment. Finally, the Court is unaware of any facts that would give the Court reason to set aside the default judgment if ICM Mexico challenged the judgment. The Court's analysis shows these factors weigh substantially in favor of granting default judgment against ICM Mexico. Thus, a default judgment against ICM Mexico is appropriate.

### b. ICM US's pleadings establish sufficient basis for judgment

After concluding that a default judgment is appropriate, the Court must then determine if there is a sufficient basis in the pleadings to grant plaintiff a default judgment on its claims. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. As a result of its default, ICM Mexico is deemed to have admitted the well-plead factual allegations ICM US's Complaint. *See Frame*, 967 F.2d at 205 ("[C]onduct on which liability is based may be taken as true as a consequence of the default."). In determining whether the pleadings establish sufficient basis for default judgment, the Court analyzed the Third Amended Complaint under the pleading standard of Federal Rule of Civil Procedure 8(a)(2). *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on

Rule 8, which sets forth the standards governing the sufficiency of a complaint").

Further, with the Parties having engaged in substantial litigation in this case before ICM Mexico's default, the Court also must consider ICM Mexico's unanswered Rule 36 admissions, which the Court must take as true for the purposes of default judgment and damages. *See*, *e.g.*, FED. R. CIV. P. 36; *Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985) (Rule 36(a) admissions are conclusively established); *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (established Rule 36(a) admission cannot be ignored).

To prevail on a breach of contract claim under Texas law, Plaintiff must show: (1) the existence of a valid contract, (2) performance or tender by Plaintiff, (3) breach by the Defendant, and (4) Plaintiff sustained damages due to the breach. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

The Court finds the well-pleaded allegations in ICM US's Third Amended Complaint and ICM's Mexico's Rule 36 unanswered admissions taken as true provide sufficient basis to grant default judgment against ICM Mexico, for they show:

> (1) ICM US entered a valid and enforceable contract to lease a drilling rig and associated equipment to ICM Mexico in exchange for monthly payment until ICM Mexico either returned (or purchased) the leased equipment upon lease termination or expiration (Doc. No. 15 at 1, ¶1; *Id*. at 4-5, ¶¶11-18; *see also* Doc. No. 85 at 9, ¶¶1-3, 10-11);

(2) ICM US tendered performance under the agreement and provided the drilling rig and associated equipment to ICM Mexico as required (Doc. No. 15 at 6, ¶¶ 20; *see also* Doc. No. 85 at 9, ¶¶4,5);

(3) ICM Mexico breached the lease by (a) failing to return (or purchase) the leased equipment at expiration or termination (Doc. No. 15 at ¶¶ 23,24, *see also* Doc. No. 85 at 9-10, ¶¶ 6-9,13,14) and by (b) failing to make its monthly lease payments of $367,833.22 to ICM US as required by the lease (Doc. No. 15 at ¶¶18, 21,22; *see also,* Doc. No. 85 at 9, ¶¶ 10-14); and

(4) ICM US incurred damages of $41,932,987.10 due to ICM Mexico's failure to make its monthly lease payments, which, since ICM Mexico never returned (or purchased) the leased equipment, have accrued since April 2015 (Doc. No. 15 at 18, ¶¶ 65,66; *see also* Doc. No. 85 at 25-26, ¶¶1-8).

Accordingly, ICM US's Third Amended Complaint and ICM Mexico's Rule 36 unanswered admissions taken as true provide a sufficient basis for the Court to grant default judgment against ICM Mexico.

## 5. The Court may award damages without a hearing

The Court may grant default judgment and award damages without conducting an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).  Here, the Court finds ICM US's contract damages, pre and post judgment interest and attorney's fees and costs are all claims

capable of mathematical calculation. After the Court's careful review of the Third Amended Complaint (Doc. No. 15), the Equipment Lease Agreement (Doc. No. 15-1 at 2-15), the Plaintiffs' Requests for Admissions to Defendant (Doc. No. 85 at 3-24) and Affidavit of Bryan Weber (Doc. No. 85 at 25-26), the Court finds sufficient basis to award damages without an evidentiary hearing, as follows below.

### a. ICM US is entitled to contract damages

First, the Court finds that ICM US is entitled to $41,932,987.10 in contract damages. Parties' contract provides the monthly lease amount $367,833.22 payable by ICM Mexico "shall continue to accrue" until the leased equipment is properly returned to ICM US or properly purchased by ICM Mexico. Doc. No. 15 at 5-6, ¶¶14-18; *see also* Doc. No. 85 at 25, ¶5. The record shows ICM Mexico failed to return or purchase the leased equipment, and did not make the continuing monthly payments its lease agreement required. Doc. No. 15 at 6, ¶¶ 20-24; *see also* Doc. No. 85 at 25, ¶¶6-7. Pursuant to the Court's prior order, ICM US's claims for missed payments beginning on April 3, 2015, were preserved for the purposes of this suit. Doc. No. 28 at 10. Thus ICM US is entitled to contract damages for ICM Mexico's unpaid monthly payments beginning April 3, 2015, which sum to a total of 114 payments worth $41,932,987.10. Doc. No. 85 at 26, ¶8. Thus, the Court finds there is sufficient basis to award ICM US $41,932,987.10 in contract damages.

### b. ICM US is entitled to pre-judgment interest

The Court also finds ICM US is entitled to an award of pre-judgment interest. In Texas, pre-judgment interest in a breach of contract action begins to accrue on the earlier of (1) 180 days after the date the defendant receives written notice of the claim or (2) the date the suit is filed, and it ends on the day preceding the date judgment is rendered. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998); *see also Arete Partners, L.P., v. Gunnerman*, 643 F.3d 410, 414 (5th Cir. 2011). As ICM US did not send a written notice of the claim to ICM Mexico, pre-judgment interest on amounts owed prior to ICM US's filing suit began to accrue on the date suit was filed, April 3, 2019. However, where a breach continues after filing suit, pre-judgment interest accrues upon each subsequent breach that occurs after the filing of the suit. *See Subsea 7 Port Isabel, LLC v. Port Isabel Logistical Offshore Terminal, Inc.*, 593 S.W.3d 859, 877-78 (Tex. App.—Corpus Christi 2019, pet. denied) (prejudgment interest began to accrue on post-suit missed rental payments after each payment was due, not on date suit was filed). Thus, for the monthly payments that came due after April 3, 2019, pre-judgment interest began to accrue when each came due. Finally, in Texas, pre-judgment interest is set based on the post-judgment interest rate applicable at the time of judgment. *Kenneco*, 962 S.W.2d at 532. Pursuant to the Texas Finance Code, the present applicable post-judgment interest rate judgment, is 7.5%. *See* TEX. FIN. CODE ANN.§ 304.003; TEX. OFF. OF CONSUMER CREDIT COMM'R, 44 TEX. CREDIT LETTER NO. 47 (May. 21, 2025). Applying 7.5% simple interest to the amounts ICM Mexico owed ICM US beginning on April 3, 2019, until the day

preceding judgment, yields $14,348,518.87 in pre-judgment interest. Thus, there is sufficient basis to grant ICM US $14,348,518.87 in pre-judgment interest.

### c. ICM US is entitled to post-judgment interest

Finally, in federal court, pursuant to 28 U.S.C. § 1961(a), post-judgment interest is to be awarded as a matter of course from the date of judgment at a rate based on the average 1-year treasury constant maturity yield for the calendar week preceding the date of the judgment. *See Nissho–Iwai Co. v. Occidental Crude Sales*, 848 F.2d 613, 622 (5th Cir.1988). As of the date of judgment, the post-judgment rate is 4.14%.

### B. ICM US's Motion for Attorneys' Fees and Costs

After careful review of the Motion for Attorneys' Fees and Costs, the applicable law, and the record before the Court, the Court finds that ICM US is entitled to recover its reasonable attorneys' fees and costs which it incurred to enforce the Parties' lease.

### 1.    ICM US is entitled to its reasonable fees and costs

As a starting point, federal courts sitting in diversity apply state substantive law to determine a successful party's entitlement recover its attorneys' fees. *Transverse, L.L.C. v. Iowa Wireless Servs. L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021). Further, the Parties agreed to apply Texas law in their lease. Doc. No. 15-1 at 6, §11. Under Texas law, courts must award reasonable fees to a prevailing party in a breach of contract case where that party introduces proper proof of its reasonable fees. *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003). In addition, Texas law will enforce parties'

contracted fee-shifting provisions. *Richardson v. Wells Fargo Bank,* N.A., 740 F.3d 1035, 1037 (5th Cir. 2014). Here, the Parties' lease provides "the defaulting party shall pay all costs, including reasonable attorneys' fees and costs of collection incurred by the non-defaulting party in such suit or suits" to enforce the lease or collect from the defaulting party. Doc. No. 15-1 at 6, §9. Thus, under both Texas law and the express terms of the Parties' lease, ICM US is entitled to recover the reasonable fees and costs it incurred in this contract action.

### 2. ICM US has shown its fees and costs are reasonable

To secure a fee award, a plaintiff entitled to fees must prove its requested fees are reasonable. *Mathis v. Exxon Corp.,* 302 F.3d 448, 462 (5th Cir. 2002). The Court determines if the requested fees are reasonable in reference to the lodestar, which is calculated as the "reasonable hours" necessary to litigate the action at a "reasonable hourly rate." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497–98 (Tex. 2019). A court may enhance the lodestar to reflect exceptional circumstances, but "the lodestar presumptively produces a reasonable fee." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012).

### a. ICM US attorneys' hours are reasonable

The Court finds the hours spent by ICM US's attorneys on this case were reasonable. ICM US submitted detailed declarations from its attorneys as well as their detailed contemporaneous billing records, which shows the following:

(1) from March 2019 to March 2023, to overcome numerous obstacles relating to international service, ICM US's counsel incurred 299.9 hours (representing $180,123.50 in fees)(Doc. No. 92-1 at 7, ¶¶29-30);

(2) after finally serving ICM Mexico, both parties litigated the case and from April 2023 to June 2024 ICM US's counsel worked 464.7 hours (and incurred $307,366.65 in fees) to defend against motion to dismiss and advance discovery (*Id.*); and

(3) from May 2024 to April of 2025 ICM US's counsel incurred 403.7 hours (and incurred $171,861.00 in fees) to advance discovery, address ICM Mexico's attorneys' withdrawal, and move for default judgment and fees (Doc. No. 92-1 at 181-82, ¶19).

After careful review of the attorneys' affidavits and attached billing records, the Court finds that the hours expended by ICM US's counsel are reasonable. Though the hours expended by ICM US's attorneys were substantial, the hours incurred are reasonable in the context of six years of litigation, given the difficulties ICM US encountered in serving ICM Mexico, the cost of responding to ICM Mexico's own motions and the inherent complexity of bringing a cross-border case seeking tens of millions of damages against a foreign corporation which purports to be insolvent. Thus, the Court finds ICM US's attorneys' 1,168.3 hours are reasonable.

### b.  ICM US attorneys' rates are reasonable

The Court finds ICM US's motion seeks an award of attorney's fees at a reasonable hourly rate. In total, ICM US incurred $659,351.20 of legal fees in this action, at a blended hourly rate of $564.37 per hour for all legal work performed. Doc. No. 92-1 at 7, ¶¶29-30; *Id.* at 181-82, ¶19. In addition, affidavits and billing records establish ICM US's attorneys charged $225 to $400 per hour for paralegals and legal assistants; $375 to $553 per hour for associates, and $544 to $1065 per hour for partners. *Id.* Based on the Court's own experience in complex commercial litigation, these hourly rates are reasonable. The Court further notes the hourly rates are in-line with hourly rates found reasonable by other courts within the Dallas division. *See, e.g. Plunkett v. FirstKey Homes LLC*, Civ. Action No. 3:23-CV-2684-L-BN, 2024 WL 5315330, at *10 (N.D. Tex. Nov. 21, 2024)(Horan, M.J.)(finding $390 to $490 for associates and $775 for a lead counsel reasonable), report and rec. adopted, *Plunkett v. First Key Homes LLC,* Civ. Action No. 3:23-CV-2684-L-BN, 2024 WL 5075065, (N.D. Tex., Dec. 11, 2024)(Lindsay, J.); *Hill v. Schilling*, Civ. Action No. 3:07-CV-2020-L, 2022 WL 1321548, at *6 (N.D. Tex. May 3, 2022)(Lindsay, J.) (finding partner rates between $730-$830 per hour reasonable); *Adv. Physicians, S.C. v. Connecticut Gen. Life Ins. Co.*, Civ. Action No. 3:16-CV-02355-G-BT, 2021 WL 6428370 at * 6 (N.D. Tex. Dec. 17, 2021)(Rutherford, M.J.)(finding rates $537 to $862 per hour reasonable). Thus, the Court finds ICM US' attorneys' overall hourly rate of $564.37 is reasonable.

### c.  ICM US's lodestar fee is reasonable

Since the Court finds that the 1,168.3 hours incurred by ICM US's attorneys are reasonable, and their blended overall $564.37 per hour rate is reasonable, the Court finds that the lodestar fee ICM US's pursuit of this action is $659,351.20, which is presumed be ICM US's reasonable fee.  Since ICM US declined to attempt to show this might be an exceptional case where enhancement to the lodestar could be appropriate, the Court finds the $659,351.20 lodestar is ICM US's reasonable fee.

### d.  ICM US's request for attorneys' fees after reduction from the lodestar shows appropriate billing judgment and is proper to award

Finally, in evaluating its motion for fees, the Court must consider if ICM US exercised "appropriate billing judgment" and has reduced its fee request following the "usual practice of law firms writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  Movants seeking award of fees must provide "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006).  A court may find a reduction of fees by 10% sufficient evidence of billing judgment.  *Jolie v. Nick's Mgmt., Inc.*, Civ. Action No. 3:23-CV-00481-B-BT, 2024 WL 5301769 (N.D. Tex. Nov. 5, 2024)(Rutherford, M.J.) (collecting cases), report and rec. adopted, *Jolie v. Nick's Mgmt., Inc.,* Civ. Action No. 3:23-CV-0481-B(BT), 2025 WL 50602 (N.D. Tex. Jan. 8, 2025)(Boyle, J.).  Here, the record establishes ICM US's attorneys exercised specific billing judgment, reducing

hours billed to ICM US on several invoices, totaling $9,422.85.  Doc. No. 92 at 7, ¶30; *Id.* at 181, ¶18.  In addition, ICM US's Motion for Attorneys' Fees further reduced its request by 12.5% from the $659,351 lodestar, to $576,932.30, to reflect appropriate billing judgment.  Doc. No. 92 at 18.  Accordingly, ICM US has shown it has exercised appropriate billing judgment, and the Court finds it appropriate to award $576,932.30 to ICM US for its reasonable attorneys' fees.  The Court declines ICM US's request to award contingent fees, without prejudice to ICM US seeking recovery of any future fees should they be incurred.

### e.  ICM US is entitled to its costs

As prevailing party ICM US is entitled to its costs of suit if properly established, pursuant to its own contract and Fed. R. Civ. P. 54(d)(1).  Here ICM US has shown it incurred $10,844.66 in costs of suit including translations, filing fees and costs for serving non-party subpoenas.  Doc. No. 91 at 19; Doc. No. 92-1 at 8, ¶31; *Id.* at 183, ¶22.  The Court finds these costs are properly taxed to ICM Mexico, and accordingly, the Court awards  $10,844.66 to ICM US for its costs of suit.

### IV.    CONCLUSION

Since a corporation cannot appear *pro se* in federal court, following the consented-to withdrawal of ICM Mexico's attorneys, the Court expressly warned ICM Mexico that the Court would strike its Answer (and defenses) and enter its default, if by the Court's deadline, replacement counsel for ICM Mexico failed to appear.  As the Court's deadline has now passed, and no counsel for ICM Mexico has appeared, the

Court GRANTS the Motion to Strike ICM Mexico's Answer (and defenses) and directs the Clerk to ENTER ICM Mexico's Default.  In light of ICM Mexico's Default, after careful consideration of the Motion for Default Judgment, the relevant law, and the record before the Court, the Court GRANTS Default Judgment against ICM Mexico, and awards the following to ICM US:

1.  Actual damages in the amount of $41,932,987.10;

2.  Pre-judgment interest in the amount of $14,348,518.87; and

3.  Post-judgment interest from the date of judgment through final payment, at a rate of 4.14%,  pursuant to 28 U.S.C. 1961(a).

After carefully considering the Court's Default Judgment for ICM US, the Court carefully considered the Motion for Motion for Attorneys' Fees and Costs and finds that ICM US is entitled to its reasonable fees and costs incurred in its successful pursuit of this contract action.  Accordingly, the Court GRANTS the Motion for Attorneys' Fees and Costs and AWARDS the following to ICM US:

4.  Attorneys' fees of $576,932.30 and taxable costs of $10,844.66.

**SO ORDERED.**

Signed June 9th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE